**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                          **Case Nos.:   4:06cr61/RH/CAS**
                                                **4:14cv321/RH/CAS**

**KENNETH COPELAND**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C.  § 2255, and supporting memorandum of law

(docs.56, 57).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in

part that "[i]f it plainly appears from the face of the motion and any attached exhibits and

the record of prior proceedings that the moving party is not entitled to relief, the judge

must dismiss the motion and direct the clerk to notify the moving party."   After a review

of the record, it is the opinion of the undersigned that the motion is untimely and that it

should be summarily dismissed.

Case 4:06-cr-00061-RH-CAS   Document 59   Filed 07/08/14   Page 2 of 7

Page 2 of  7

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to controlled substance and firearm charges and was sentenced to a term of 262 months imprisonment in February of 2007 (docs. 17, 18, 23).  Defense counsel filed an <u>Anders</u> brief on appeal, and on July 13, 2007, the Eleventh Circuit affirmed Defendant's convictions and sentences after its "independent examination of the entire record reveal[ed] no arguable issues of merit (doc. 41). Defendant filed nothing further until January of 2012, when he filed a motion pursuant to 18 U.S.C. § 3582 for a sentence reduction pursuant to Amendment 750 to the Sentencing Guidelines (doc. 44).  The court denied the motion after response from the Government, and Defendant unsuccessfully appealed (docs. 45, 48, 54).  Defendant raises a single ground for relief in the instant § 2255 motion, contending that he is actually innocent of the career offender enhancement.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  As noted above, Defendant's sentence was affirmed on appeal on July 13, 2007.  Defendant did not file a petition for certiorari with the United States

Supreme Court, and as such his judgment of conviction became final on the date on

which his time for filing such a petition expired (i.e., ninety days after the entry of the

court of appeals' judgment).[1]  Clay v. United States, 537 U.S. 522, 525 (2003).

Because Defendant's judgment of conviction became final on October 11, 2007, to have

been timely filed, his § 2255 motion had to be filed no later than one year later.  His

motion is thus facially untimely.  Defendant relies on the Supreme Court's recent

decision in Descamps v. United States, 133 S.Ct. 1924 (2013).  The undersigned notes

that the Supreme Court has not declared its decision in Descamps to be retroactively

applicable on collateral review, nor has the undersigned found any cases applying

Descamps retroactively to cases on collateral review, although many cases have held

---

[1] The issuance of the mandate, on February 25, 2009 (see doc. 100), has no bearing on when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 525 (2008).

to the contrary.[2]   Thus Defendant may not proceed under § 2255(f)(3).  Defendant

claims that he is entitled to equitable tolling of the statute of limitations.

Equitable tolling is appropriate when a § 2255 motion is untimely because of

"extraordinary circumstances that are both beyond [the defendant's] control and

_____

[2]*See, e.g.,* United States v. Boykin, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Whitaker v. Chandler, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) (Descamps is not a retroactively available Supreme Court decision); Groves v. United States, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Larvie v. United States, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on Descamps and noting that court had found no cases that had found Descamps retroactively applicable on collateral review); Pulley v. United States, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that Descamps broke no new ground and thus did not "revive the one year limitations period of § 2255"); Baker v. Zych, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that Descamps is not retroactive on collateral review); Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying Descamps retroactively to cases on collateral review"); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing law and thus did not apply retroactively on collateral review); United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that Descamps is retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal before Descamps was decided);  Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Randolph v. United States, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps retroactively applicable on collateral review); Strickland v. English, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding Descamps was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause).

unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039–40 (11th Cir. 2002); Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  There is nothing in the instant motion to suggest that Defendant is entitled to invoke the doctrine of equitable tolling.  Defendant cites one Eleventh Circuit case, United States v. Spencer, 727 F.3d 1076, 1087 (11th Cir. 2013), that has been vacated, and thus cannot not afford him relief.  Likewise, none of the other cases he cites suggest a basis for invoking the protection of equitable tolling and circumventing the time bar. His motion should be denied as untimely.

# CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (doc. 56) be

summarily **DENIED and DISMISSED** as untimely.

2.      A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 8ᵗʰ day of July, 2014.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**