IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:06cr61-RH/CAS
 4:14cv321-RH/CAS

KENNETH COPELAND,

 Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Kenneth Copeland has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 59.  No objections have been filed.  This order accepts the report and recommendation and denies the § 2255 motion.

Mr. Copeland's contention is that he was improperly sentenced as a career offender within the meaning of the United States Sentencing Guidelines.  The report and recommendation correctly concludes that Mr. Copeland's motion is untimely.  The motion is also unfounded on the merits.  Mr. Copeland has two

prior Florida convictions for possessing cocaine with intent to distribute it. Those are qualifying predicate offenses for career-offender purposes.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on August 19, 2014.

s/Robert L. Hinkle  
United States District Judge